UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DE'MARIAN D. PALMER, SR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) No.: 23-1052-CSB |
| | ) |
| | ) |
| SUPERVISOR BRANDON, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MERIT REVIEW ORDER

**COLIN S. BRUCE, U.S. District Judge:**

Plaintiff De'Marian D Palmer, Sr., proceeding *pro se*, is a detainee at the Peoria County Juvenile Detention Center ("the Detention Center"). The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims. Because Plaintiff is a prisoner for purposes of the Prison Litigation Reform Act, the Court is required by 28 U.S.C. § 1915A to "screen" Plaintiff's Complaint and, through such process, to identify and dismiss any legally insufficient claim or the entire action, if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that the staff at the Detention Center has taken away his food, his ability to shower, and his bed. Plaintiff also alleges that one of the staff members at the Detention Center physically assaulted him while another staff member watched. Finally, Plaintiff has filed a supplement to his Complaint in which he identifies several other staff members who were (allegedly) involved in depriving him of his rights.

The problem with Plaintiff's Complaint is that, other than Superintendent Brian Love,[1] Plaintiff does not identify the last names of any of the staff members who allegedly violated his rights; instead, Plaintiff only identifies the Defendants by their first names. However, the Court cannot effect service of process upon individuals by using their first names only. *Jones v. Sheriff Officer Unknown of Lancaster County*, 2021 WL 2351118, * 3 (D. Neb. June 9, 2021).

Furthermore, in order to be held liable under 42 U.S.C. § 1983,[2] a defendant must have been personally involved in depriving the plaintiff of his Constitutional rights. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.")(internal quotation omitted). Plaintiff cannot—as he has done—simply identify individuals by

---

[1] Plaintiff does not allege that Defendant Love was personally involved in depriving him of his Constitutional rights.

[2] Plaintiff identifies "child abuse" as his claim or cause of action, but this Court would not have jurisdiction over such a claim because no such civil right of action exists under federal law.

their first names in the caption of his Complaint and, then, refer to them collectively as "staff" or "Defendants" in the body of his Complaint in the hopes of subjecting them to liability. *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998).

Nevertheless, the Court will give Plaintiff an opportunity to try to amend his complaint in order to state a claim upon which relief can be granted before dismissing this case. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024 (7th Cir. 2013)(citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011)("[A] plaintiff ordinarily retains the ability to amend his complaint once as a matter of right, even after a court grants a motion to dismiss.")). If he files an amended complaint, Plaintiff must allege specific facts demonstrating who specifically violated his Constitutional rights and how that person(s) violated his Constitutional rights. Plaintiff may not simply set forth a litany of wrongs committed against him without any factual context to his assertions, nor may he simply submit grievances in lieu of an amended complaint. He must allege who specifically wronged him and how.

Moreover, Plaintiff may not simply refer to the named Defendants by their first names. Instead, Plaintiff must identify the named Defendants by the person's last name or some other identifying basis (such as by the person's badge number) so that the Court can effect service of process upon that person or persons.

Finally, Plaintiff cannot allege unrelated claims in a single amended complaint. If his claims are unrelated to one another, Plaintiff must assert those claims in separate suits.

**IT IS, THEREFORE, ORDERED:**

    1.    **Plaintiff's Complaint is dismissed because it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A; Fed. R. Civ. Pro. 12(b)(6).**

    2.    **Plaintiff is given leave to file a proposed amended complaint that complies with the dictates of this Order.**

    3.    **Plaintiff should file his proposed amended complaint within thirty (30) days from the date of this Order.**

    4.    **If Plaintiff fails to do so timely, the Court will dismiss this case.**

Entered this 6th day of March, 2023

                                                                /s Colin S. Bruce
                                                                   COLIN S. BRUCE
                                                       UNITED STATES DISTRICT JUDGE